UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTY KEMPER | ) | |
|     PLAINTIFF, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | JURY TRIAL DEMANDED |
| | ) | |
| NATIONAL ACTION | ) | UNLAWFUL DEBT |
| FINANCIAL SERVICES, INC. | ) | COLLECTION PRACTICES |
| | ) | |
|     DEFENDANT | ) | |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d)and 28 U.S.C. § 1337 (federal question jurisdiction).

### PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this state who is authorized by law to bring this action.

4. Defendant NATIONAL ACTION FINANCIAL SERVICES, INC. is a corporation organized pursuant to law doing business in the state of Missouri (hereinafter, said Defendant is referred to as "NATIONAL ACTION").

5. NATIONAL ACTION is subject to the jurisdiction and venue of this Court.

6. NATIONAL ACTION may be served by personal service upon its registered agent located in the state of Missouri, to wit: CT Corporation System, 120 South Central Ave., St. Louis, MO 63105.

7. Alternatively, NATIONAL ACTION may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the state of Missouri.

## FACTS COMMON TO ALL CAUSES

8. NATIONAL ACTION uses telephone communications in its business.

9. The principle purpose of NATIONAL ACTION business is the collection of debts.

l0. NATIONAL ACTION regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

11. NATIONAL ACTION is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

12. In the course of attempting to collect a debt allegedly due from Plaintiff to another business not a party to this litigation, NATIONAL ACTION communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

13. NATIONAL ACTION left a series of voice messages for Plaintiff on her voice message system.

14. In some of the voice messages, NATIONAL ACTION failed to give meaningful disclosure of its identity.

15. In all of the voice messages, NATIONAL ACTION failed to state that the communication was from a debt collector.

16. In all of the voice messages, NATIONAL ACTION failed to state that the communication was an attempt to collect a debt.

17. Defendant's communications violate the Fair Debt Collection Practices Act.

18. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

19. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

20. Defendant's violations of the FDCPA include, but are not limited to, the following:

21. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

22. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

23. The use of any false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

24. The failure to make the disclosures in all communications, in violation of 15 U.S.C. § 1692e(11); and

25. After a reasonable opportunity for further investigation and discovery, it may appear that Defendant failed to effectively communicate the statement of consumer's rights mandated by 15 U.S.C. § 1692g.

26. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

C. For such other and further relief as may be just and proper.

## **VIOLATIONS OF THE TCPA**

27. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

28. Defendant's actions violated the TCPA. The violations include, but are not limited to, the following:

> (a) Defendant violated 47 U.S.C. § 227(b)(1)(B) when it left 5 prerecorded messages on Plaintiff's residential phone line without Plaintiff's prior express consent;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Damages pursuant to 47 U.S.C. § 227(b)(3);

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Christy Kemper
**Christy Kemper**

Respectfully submitted,

**THE SWANEY LAW FIRM**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 3356; Missouri Bar #34138
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey@swaneylawfirm.com
telephone: (314) 481-7778
fax:  (314) 481-8479